UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-00206-R

**ERIC C. YOUNGBLOOD, et al.**                                                                                      **PLAINTIFFS**

v.

**CITY OF PADUCAH**                                                                                                           **DEFENDANT**

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant City of Paducah's ("City") motion to compel responses from Plaintiffs (DN 25).  Plaintiffs have not responded and the time for further briefing has elapsed.  This matter is now ripe for adjudication.  For the reasons that follow, Defendant's motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

The facts, so far as the Court can gather from the complaint, are as follows.  Plaintiffs state that in the fall of 2008, they lodged formal complaints with the City's police department.  Their complaints concerned the police's failure to investigate a neighbor who made inappropriate sexual comments to their children.  Following this action, Plaintiffs say members of the police department took retaliatory action against them.  This harassment culminated with the illegal search of their home and their arrest for the possession of drugs, drug paraphernalia, and a firearm.  Plaintiffs further allege the police investigation coincided with their political candidacies for local offices.  They insist the investigation's timing is evidence that they were targets of well-placed local officials, hoping to see the demise of their political aspirations.

In their lawsuit, Plaintiffs state claims under the Fourth Amendment for the unlawful search of their residence and illegal arrest.  They also allege claims of negligent supervision against police department supervisors, slander and libel per se for releasing their names to

members of the local media, the tort of outrage, and numerous statutory violations under Kentucky's code.  Throughout the complaint, Plaintiffs charge that the City's actors have caused them emotion distress, humiliation, mental suffering, and loss of reputation.

On September 27, 2011, counsel for the City deposed Plaintiffs individually.  There, Plaintiffs refused to answer a number of questions.  The instant motion has followed.

## STANDARD

Determining "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.1981).  Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. Pro. 37(a)(1).  In doing so, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id*.  Motions to compel discovery responses are authorized where a party fails to answer a question asked under Rules 30 and 31.  Fed. R. Civ. Pro. 37(a)(3)(B)(I).

Rule 30 permits a deponent to object during a deposition, but "the testimony is taken subject to any objection."  Fed. R. Civ. P. 30(c)(2).  An objection must be "nonargumentative and nonsuggestive ."  *Id*.  A deponent may choose not to respond "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  *Id*.  Under Rule 30(d)(3), a deponent may move to terminate or limit the deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent. . . ."  Fed. R. Civ. P. 30(d)(3)(A).

## DISCUSSION

Plaintiffs collectively declined to answer twelve questions during their depositions.  The

objections they raised during the deposition attacked the relevancy of the queries and whether questions about their physical and mental health were confidential.

Generally, claims that a question is irrelevant during a deposition should not preclude the deponent from answering. "Lack of relevance is not a valid objection under [the federal rules] and, as a result, is not an appropriate reason to withhold answers to a question posed during a deposition." *Ferrell v. Sparkman*, No. 4:06-CV-7, 2007 WL 172516, at *2 (E.D. Tenn. Jan. 18, 2007); *accord Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). However, where counsel's questions go "beyond the realm of possible relevance," they may be construed as abusive and refusal to answer is warranted. *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590-91 (S.D. Tex. 2011). This latter issue of relevancy offers a basis for relief, as queries so disconnected from the matter at hand are only offered to annoy, embarrass, or oppress a deponent. *Id*. (citing Fed. R. Civ. P. 30(d)(3)).

The Court has reviewed the questions certified by defense counsel and finds little cause for alarm. Regarding the non-medical inquiries, defense counsel's questions about where Eric Youngblood's father lives are benign and may unearth some discoverable evidence. In addition, the identities of individuals within the City's police department who spoke with Melissa Youngblood about the investigation are relevant and discoverable. Plaintiffs must respond to these questions.

Plaintiffs must also answer the questions about their physical and mental health, the prescription drugs they have consumed, and whether they have a history of substance abuse. As they seek to recover for emotional distress against the City, such information may reveal discoverable information pertaining to the issue of damages. The claims of libel and slander represent another basis for defense counsel to ask them about their past use of drugs and alcohol.

The complaint indicates Plaintiffs were tried and acquitted of possession of marijuana and drug paraphernalia.  They now seek to recover for statements made by the City officials, some of which concern their possible ties to these substances.  Because truth is an absolute defense to libel and slander, Plaintiffs past usage of drugs is both relevant and discoverable.  *Cf. Peavey v. University of Louisville*, No. 3:09–CV–00484–R, 2011 WL 2746810, at *7 (W.D. Ky. July 13, 2011) (citing *Biber v. Duplicator Sales & Service, Inc.*, 155 S.W.3d 732, 737 (Ky. Ct. App. 2004)).

Finally, the Court does not understand why Eric Youngblood's social security number is at all relevant to the current lawsuit.  This information may be withheld unless the City can offer a reasoned explanation to justify this question.

## CONCLUSION

For the foregoing reason, IT IS HEREBY ORDERED Defendant's motion to compel is GRANTED IN PART AND DENIED IN PART.  Plaintiffs shall respond to the questions certified by defense counsel during the depositions of September 27, 2011.  Failure to do so may result in monetary sanctions or the dismissal of Plaintiffs' lawsuit.


Cc:     Counsel

       Eric & Melissa Youngblood
       P.O. Box 7931
       Paducah, KY 42002