UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-00206-R

ERIC C. YOUNGBLOOD and
MELISSA D. YOUNGBLOOD                                                    PLAINTIFFS

v.

CITY OF PADUCAH                                                           DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 26). Plaintiffs have responded (DN 30) and Defendant has replied (DN 34). On January 11, 2012, Plaintiffs filed a notice with the Court, offering additional evidentiary exhibits against summary judgment (DN 31). Defendant requested and the Court permitted it additional time to review and respond to these arguments (DN 37). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiffs Eric C. Youngblood ("Eric") and Melissa Youngblood ("Melissa"), *pro se*, (collectively "Plaintiffs") bring suit against the City of Paducah ("City").[1] The nexus between this matter's facts and the causes of action cited in the complaint is difficult to unravel. The allegations Plaintiffs lay out in the complaint are convoluted, as they recount their sporadic interactions with various city employees. Further complicating matters is the lengthy list of statutes Plaintiffs claim the City has violated. Some do not provide a private right of action and

---

[1] Plaintiffs originally filed this action in the McCracken County Circuit Court. The first page of the complaint demonstrates that Plaintiffs intended to file suit against the City, along with six of its employees in their official and individual capacities. DN 1-1 at 2. For reasons that are unclear, Plaintiffs crossed out the names of these individuals, leaving the City as the lone defendant. In their response, Plaintiffs assert that members of the McCracken County Clerk's office coerced them to omit these potential parties. Even assuming the veracity of the allegation, this impropriety would not allow the Court to impute these unnamed City employees as defendants. The only defendant properly before the Court is the City.

many more are adrift in the complaint's narrative, without any attempt by Plaintiffs to explain how the City violated these provisions.  The Court has had difficulty untangling the knot of facts and categorizing them with the proper theories of recovery.

Insofar as the Court can tell, the pertinent and undisputed facts are as follows.  Plaintiffs were candidates for public office in the latter parts of 2008, Eric for City Commissioner and Melissa for a member of the Board of Education.  On August 12, 2008, Melissa filed a police report with the Paducah Police Department ("PPD") regarding improper comments a neighbor made to her children.  Plaintiffs declare that no action was taken to address Melissa's concerns.  On August 30, 2008, Melissa says that she read a story in the Paducah Sun that the same neighbor had been charged with rape and assault, those crimes occurring subsequent to her police report.  Following this revelation, Plaintiffs spoke with several members of the PPD on September 1 and 2, criticizing their inaction.

About a week later, Melissa's son was involved in the theft of drugs, either cocaine or marijuana, from a local drug dealer.  The Plaintiffs contacted the drug dealer and assured him that her son would return his contraband.

On October 13, 2008, a detective with the PPD received an anonymous tip that Eric had stolen one pound of marijuana from the same drug dealer.  Two weeks after that, the detective received yet another tip from a known confidential informant that Plaintiffs smoked marijuana and that Eric often carried a firearm.  On October 30, the PPD performed a trash pull from Plaintiffs' residence.  Within, they discovered marijuana stems and mail addressed to Eric and Melissa.

Based on this information, a state court judge issued a search warrant for the Plaintiffs' residence.  The search occurred on October 31, 2008, whereupon the officers discovered a small

amount of marijuana and a 9mm handgun.  Plaintiffs were arrested and charged with possession of marijuana and drug paraphernalia.  Thereafter, the PPD issued a press release that detailed the search of the Plaintiffs' residence and their arrests.  The local media ran several stories on the arrest, noting that Plaintiffs were candidates for local office.  Plaintiffs were unsuccessful in the election held less than a week later.

On July 10, 2009, Plaintiffs were tried in McCracken County District Court on the drug charges.  The government chemist slated to testify and authenticate the drugs seized from Plaintiffs' residence did not appear at trial.  As a result, the report identifying the drugs as marijuana was not entered into evidence.  Plaintiffs were acquitted the same day.

Plaintiffs filed the instant action against the City on July 9, 2010.  The overarching theme of Plaintiffs' allegations is their insistence that unknown persons affiliated with the City are targeting them because of their political aspirations.  Collectively, they make claims under 42 U.S.C. § 1983 for violations of their Fourteenth Amendment due process rights, 42 U.S.C. § 1985 for conspiracy to violate their civil rights, and miscellaneous sections of the Constitution.  Furthermore, Plaintiffs bring suit under a variety of federal and Kentucky statutes including but not limited to 42 U.S.C. § 13981, KRS §§ 94.450, 15.520, 95.450, 63.090, 344.020, and sections of the Kentucky Civil Rights Act.  Finally, Plaintiffs assert common law claims of slander, libel, outrage, and false arrest and imprisonment.  For the vast majority of these claims, Plaintiffs make no attempt to set forth specific factual assertions in the complaint or expound on why the City contravened these prohibitions.  The absence of direction by Plaintiffs muddies the waters of this motion.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

### I. Statute of limitations

The City offers a variety of reasons to dismiss the Plaintiffs' lawsuit. First and foremost, the City contends Plaintiffs' claims are barred by the statute of limitations. Plaintiffs do not offer a cogent rebuttal to this defense.

Sections 1983 and 1985 do not provide their own statutes of limitations, so federal courts must adopt the most analogous statute of limitations from state law. *Dotson v. Lane*, 360 F. App'x 617, 620 n. 2 (6th Cir. 2010) (citing *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660-61 (1987)). For claims under these provisions, district courts in Kentucky adopt the state's one-year statute of limitations contained in KRS § 413.140. *Bonner v. Perry,* 564 F.3d 424, 430-31 (6th Cir. 2009). This includes lawsuits alleging claims for conspiracy to violate civil rights, *Eubank v. Collins*, No. 11-CV-326-C, 2012 WL 245234, at *1 (W.D. Ky. Jan. 26, 2012) (claim of conspiracy under § 1985 was barred by Kentucky's one-year limitations period), as well as those asserting violations of due process. *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990) (due process violation under the Fourteenth Amendment was subject to § 413.140's one-year limitations period). Plaintiffs' response does nothing to contradict the application of this temporal limitation. Additionally, many of Plaintiffs' state-law torts are subject to § 413.140's one-year cut off. *See* KRS § 413.140(1)(a), (c)-(d) (year-long statute of limitations for malicious arrest, conspiracy, libel, and slander); *see also Martin v. Louisville Metro Gov't*, No. 3:08CV-P521-S, 2009 WL 2849570, at *4 (W.D. Ky. Sept. 1, 2009) (libel and slander subject to one-year limitation); *Grego v. Meijer, Inc.*, 187 F. Supp. 2d 689, 694 (W.D. Ky. 2001) (false imprisonment subject to one-year limitation).

Procedurally, the next question is when the statute-of-limitations clock begins to tick. For actions pursued under §§ 1983 and 1985, federal law determines the time of accrual. *Roberson v. Tennessee,* 399 F.3d 792, 794 (6th Cir. 2005). Violations accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*. (quoting *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984)). Put another way,

in determining which date initiates the limitation period, a court must "inquir[e] as 'to what event should have alerted the typical lay person to protect his or her rights.'" *Id.* (quoting *Hughes v. Vanderbilt Univ.,* 215 F.3d 543, 548 (6th Cir. 2000)).

Plaintiffs' lawsuit was filed on July 9, 2010, approximately one year after they were acquitted on the drug charges, July 10, 2009. The date of acquittal is the latest date alleged in the complaint. Thus, to permit this lawsuit to continue, the Court must accept that Plaintiffs were incapable of discovering the constitutional violations through the exercise of reasonable diligence prior to the jury verdict. Such a conclusion would be illogical. In their complaint, the facts Plaintiffs allege place an emphasis on the police's investigation, the search of their residence, and their arraignment in the McCracken County District Court. These are pivotal events in this lawsuit and they should have been sufficient for the Plaintiffs to discover the scheme to violate their constitutional rights as well as the due process violations. Though the acquittal was mentioned within the complaint, it is dubious it could be construed as the "eureka moment" for Plaintiffs, such that the Court could start the timer on July 10, 2009.

Claims for false arrest under state and federal law accrue "on the date of the arrest or, at the latest, at the time of termination of imprisonment."[2] *Dunn v. Felty*, No. 2004-CA-001029-MR, 2005 WL 736596, at *2 (Ky. Ct. App. Apr. 1, 2005); *accord Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (same). As Plaintiffs were arrested on October 31, 2008 and released shortly thereafter, the complaint was tardy by nearly two years.

With respect to libel and slander, the PPD issued a press release describing the search of Plaintiffs' residence and arrest on October 31, 2008. There was no mention of their candidacies for local office. Plaintiffs also allege that statements by the City's employees impugned their

---

[2] Plaintiffs' complaint alleges claims under false arrest and false imprisonment. Under Kentucky law, these theories of recovery constitute a single cause of action. *Fox*, 489 F.3d at 233.

6

integrity, but the dates and contents of the remarks are unclear.  In any event, since libel and slander are limited to a year under § 413.140, the only way these statements may form an actionable claim is if they occurred on the date of acquittal.  There is no evidence that this is the case.[3]  Since the allegations of libel and slander are premised on the PPD's press release, both claims are past their dates of expiration.

Accordingly, Plaintiffs' claims under §§ 1983 and 1985 as well as those for false arrest, libel, and slander are barred by the statute of limitations.

## II. On the merits

Notwithstanding the impact of the statute of limitations, Plaintiffs' complaint fails to present any claims that can advance past the summary judgment stage.

Plaintiffs allege substantive and procedural due process violations against the City.  Substantive due process claims under the Fourteenth Amendment are not permitted where other sources of constitutional protection exist, such as the Fourth Amendment.  *Graham v. Connor,* 490 U.S. 386, 395 (1989).  "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."  *See Albright v. Oliver,* 510 U.S. 266, 273 (1994) (internal quotation marks and citation omitted).  Inasmuch as Plaintiffs assert substantive due process violations, they are improper.

With procedural due process, a plaintiff must show a property interest and a deprivation without due process of law.  *Hudson v. Hudson,* 475 F.3d 741, 745 (6th Cir. 2007).  Compliance with this provision of the Fourteenth Amendment is generally accomplished through a pre-

---

[3] Presuming the statements to which Plaintiffs allude were made at trial, those witnesses would be entitled to absolute immunity.  *McAlister & Co. v. Jenkins*, 284 S.W. 88 (1926) (statements by witness testifying before a judicial or quasi-judicial body were entitled to absolute privilege so long as the statement had some pertinence to the matter under investigation).

7

deprivation hearing, something Plaintiffs were not entitled to before the execution of the search warrant or their arrest.  Furthermore, Plaintiffs have ignored precedent that a municipality must have a policy or custom promoting constitutional violations for liability to arise under § 1983. *Sexton v. Kenton Cnty. Det. Ctr.*, 702 F. Supp. 2d 784 (E.D. Ky. 2010).  No evidence exists in the record of any practice or policy by the City.  Thus, neither of these due process claims is proper.

The allegations of conspiracy under § 1985 must also fail.  Although Plaintiffs do not indicate upon which statutory subsection they are relying, their case is only actionable under subsection (c).  *See* 42 U.S.C. § 1985(a)-(b).  For a claim under this provision, they must show "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen." *Briscoe v. Jackson,* 285 F. App'x 205, 208 (6th Cir. 2008) (quoting *Collyer v. Darling,* 98 F.3d 211, 233 (6th Cir. 1996)).  Plaintiffs have not presented any proof of a conspiracy, acts in the conspiracy, or a deprivation of constitutional rights.

Plaintiffs' allegations under state law are equally ineffective.  Slander and libel both require a showing that "(1) a defamatory statement was made; (2) of or concerning the Plaintiff; (3) which was published to a third party; and (4) which caused injury to the Plaintiff's reputation." *Marcus & Millichap Real Estate Inv. Brokerage Co. v. Skeeters*, 395 F. Supp. 2d 541 (W.D. Ky. 2005); *accord Roche v. Home Depot U.S.A.*, No. 03-CV-599-C, 2005 WL 2000708, at *3 (W.D. Ky. Aug. 18, 2005).  A defendant may avoid liability under these theories by means of privilege, where the comments were "'made in good faith, without actual malice, by

one who believes he has a duty or an interest to a person with a corresponding duty or interest.'" *Lewis v. Laurel Cnty. Sheriff's Dept.*, No. 09-CV-280–GFVT, 2011 WL 3475370, at *7 (E.D. Ky. Aug. 8, 2011) (quoting *Brewer v. American Nat. Ins. Co.,* 636 F.2d 150, 154 (6th Cir. 1980)). Remarks by police officers to members of the press about a criminal investigation are entitled to this qualified privilege because "communicating to the public about a criminal investigation [is] a matter of interest to the community and the public at large." *Id*. at *7. As the City's libelous and slanderous acts are limited to the PPD's press release, the document is not a foundation for relief.[4]

Plaintiffs further declare the City's actions constitute outrage under Kentucky law.[5] A prima facie case of intentional infliction of emotional distress, or outrage, requires that a plaintiff show: (1) that the wrongdoer's conduct was intentional or reckless; (2) that the conduct was outrageous and intolerable and offends against the generally accepted standards of decency and morality; (3) a causal connection between the wrongdoer's conduct and the emotional distress; and (4) that the emotional distress was severe. *Stringer v. Wal-Mart Stores, Inc.,* 151 S.W.3d 781, 788 (Ky. 2004) (citing *Humana of Ky., Inc. v. Seitz,* 796 S.W.2d 1, 2-3 (Ky. 1990)). The Court must determine "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Id.* at 788-89 (citing Restatement (Second) of Torts § 46(1) cmt. h (1965)).

Courts have "set a high threshold for outrage claims," *Stringer,* 151 S.W.3d at 791, and under Kentucky law, "a claim for the tort of outrage requires the plaintiff to prove conduct which is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

---

[4] Plaintiffs mention several individuals who made defaming remarks but do not describe either in their complaint or briefing what these comments were. The Court is therefore left with the press release as the sole lens through which to view the claims of defamation and libel.

[5] The prior section on statutes of limitation does not affect the claim of outrage, as it can be brought up to five years after the misconduct. *See Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984).

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Seitz,* 796 S.W.2d at 3 (quoting Restatement (Second) of Torts § 46(1) cmt. d (1965)).  Courts generally dismiss claims of outrage when a jury could not reasonably conclude a defendant acted with sufficient malice from the facts alleged.  *See e.g.*, *Hines v. Hiland*, No. 5:09-CV-00075-R, 2011 WL 2580350, at *4 (W.D. Ky. June 28, 2011); *Graves v. Bowles*, No. 1:07-CV-00207-M, 2010 WL 497719, at *6 (W.D. Ky. Feb. 5, 2010); *Bielefeld v. Haines*, No. 3:04-CV-151-R, 2005 WL 6122527, at *10 (W.D. Ky. Apr. 7, 2005).

Plaintiffs do not describe the facts necessary to allow this claim of outrage to continue.  The complaint states that the City's employees falsely "accused the Plaintiffs of engaging in scurrilous unfounded activity" and made them to suffer "embarrassment, humiliation, [and] disgrace."  DN 1-1 at 20.  However, executing a magistrate-approved search warrant on a residence and then arresting the occupants when narcotics are discovered is not the type of provocation required to succeed on a claim for outrage.  *Cf. Stringer,* 151 S.W.3d at 790-91 (listing cases).  This Court has previously found that though being searched and arrested may be unpleasant experiences, they do not necessarily equate to outrageous conduct on the part of the arresting officer.  *Lewis v. Meyers*, No. 5:09-CV-00156-R, 2010 WL 3829200, at *4-5 (W.D. Ky. Sept. 24, 2010).  The allegations in Plaintiffs' complaint and response are not actionable under this tort.  *Cf. Goebel v. Arnett,* 259 S.W.3d 489, 493 (Ky. Ct. App. 2007) ("It is for the court to decide whether the conduct complained of can reasonably be regarded to be so extreme and outrageous as to permit recovery." (citing *Whittington v. Whittington,* 766 S.W.2d 73 (Ky. Ct. App. 1989))).

Finally, Plaintiff's claim for negligent supervision is defective.  Kentucky law requires a cognizable tort against an employee underlying the claim of negligent suspension.  *Roche*, 2005

WL 2000708, at *3 ("The employer is liable only if it knew or should have known of the threat posed by the employee but failed to take remedial measures to ensure the safety of others." (citing *Airdrie Stud, Inc. v. Reed,* Nos. 2001-CA-001397-MR, 2001-CA-001396-MR, 2002-CA-000357-MR, 2003 WL 22796469, at *1 (Ky. Ct. App. 2003))). As Plaintiffs either misplead or fail to allege a legitimate state-law tort, the City is not liable for negligent supervision.

Overall, the claims that Plaintiffs have pleaded are substantively deficient and their dismissal is proper.

### III. Miscellaneous causes of action

In addition, the complaint contains a litany of federal and Kentucky statutes that Plaintiffs' incorrectly cite to as bases for recovery. Some are statutes that have no application to the matter at hand. *See* 42 U.S.C. § 13981 (civil rights statute prohibiting crimes of violence motivated by gender); KRS § 15.520 (procedural due process protection for law enforcement officers); KRS § 63.090 (defining "neglect of duty" for the removal of peace officers by administrative procedure); KRS § 95.450 (statute governing disciplinary procedures for law enforcement officers to prevent arbitrary punishment of officers). Others are penal code provisions that do not provide citizens a private right of action. *See* KRS §§ 501.010-501.030, 506.010, 506.030-506.050, 521.020, 521.050. Plaintiffs may not sustain the lawsuit on the backs of these statutes.

As for the allegations in the complaint that go unmentioned in this opinion, Plaintiffs fail to provide any material facts in support of these legal theories. The mere mention of constitutional sections and impropriety on the part of the City's employees without any factual allegations in support is wholly insufficient to state a viable claim. Much of the complaint is simply too vague and incomplete to state a cause of action. While this Court recognizes that *pro*

*se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). This Court is not expected to create a claim for Plaintiffs. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

As noted, the Court is mindful of the difficulty *pro se* litigants face when attempting to argue issues of law. This Court often attempts to read between the lines to assist the litigant in giving meaning to misstated claims. Notwithstanding this practice, Plaintiffs simply have not met the burden required of them. The Court is left with no other conclusion but to sustain the City's motion for summary judgment and dismiss this lawsuit.

## CONCLUSION

The conclusions of the Court are threefold: (1) the statute of limitations defeats the majority of the theories in Plaintiffs' complaint; (2) even if the claims were timely, there is no legitimate, factual basis to permit a jury to decide them; and (3) despite the Court's best efforts, it is unable to discern from Plaintiffs' allegations an actionable theory of recovery based on the law cited in the complaint. Accordingly, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is directed to strike this matter from the active docket.

An appropriate order shall issue.